UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMIAH JOHNSON,

    Petitioner,

    v.

JAMES TILTON,

    Respondent.

                         /

No. C 07-6510 MHP (pr)

**ORDER TO SHOW CAUSE AND OF PARTIAL DISMISSAL**

## INTRODUCTION

Jeremiah Johnson, an occasional prisoner of the State of California who was on parole or in prison on a parole violation at the time of filing this action, has petitioned pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Johnson's habeas petition is quite confusing. This is due in part to the fact that he did not use the form habeas petition and therefore has not provided much of the information necessary for a thorough screening of his petition. The confusion also is due in part to the fact that the petition touches upon at least three different decisions, i.e., a 2005 Alameda County Superior Court conviction, a 2006 Contra Costa County Superior Court conviction, and one or more decisions by the California Department of Corrections and Rehabilitation ("CDCR") calculating his time credits.

The petition indicates that Johnson was sentenced on September 26, 2005 in Alameda County Superior Court to three years in prison for attempted robbery. While he was in custody on the Alameda conviction, he moved under California Penal Code § 1381 for adjudication of a charge pending against him in Contra Costa County. In the Contra Costa County Superior Court case, he entered a plea agreement on June 20, 2006 and was sentenced to one year on a second degree robbery. He alleges that he "reached an agreement with the state for 1 year consecutive subordinate term to run after he was done serving his 3 year principal term which ended on 12-24-06." Petition, p. 4. He further alleges that, while he was serving his one-year sentence, the CDCR "went into petitioner's 3 year sentence and readjusted his release date by taking 10 months out of the 17 months good conduct credit earned," claiming he "was ineligible to receive half time credits because of the 1 year consecutive subordinate term." Petition, p. 4. Johnson presented some claims to the California courts before filing this petition.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Johnson first claims that the Contra Costa County Superior Court violated his right to due process by failing to inform him of a mandatory parole term. Due process requires that a guilty plea be both knowing and voluntary because it constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the

1 privilege against self-incrimination.  See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).
2 A plea is not voluntary unless it is "entered by one fully aware of the direct consequences" of
3 the plea.  Brady v. United States, 397 U.S. 742, 755 (1970).  Although a defendant is entitled
4 to be informed of the direct consequences of the plea, the court need not advise him of all
5 possible collateral consequences.  Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988).  "The
6 distinction between a direct and collateral consequence of a plea '"turns on whether the result
7 presents a definite, immediate and largely automatic effect on the range of the defendant's
8 punishment."' . . .  Under this standard, direct consequences include a mandatory special
9 parole term, United States v. Harris, 534 F.2d 141 (9th Cir. 1976); ineligibility for parole, . .
10 . and the maximum punishment provided by law."  Id. (citations omitted); see also Carter v.
11 McCarthy, 806 F.2d 1373, 1376 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987) (defendant
12 must be advised of mandatory parole term).  Failure to inform a defendant of the direct
13 consequence of a guilty plea such as a mandatory parole term may therefore render a plea
14 unknowing.  Liberally construed, Johnson's claim that he was not informed of the mandatory
15 parole term is cognizable as a claim for an involuntary and unknowing guilty plea.
16 Respondent will be required to respond to this claim.

17  Johnson next claims that the Contra Costa County Superior Court violated his right to
18 due process by failing to inform him that he would be ineligible for half-time credits on the
19 three-year sentence he had received earlier from Alameda County.  This claim will be
20 dismissed because due process does not require a court to provide this information when a
21 defendant pleads guilty.  Sentence time credit issues are a collateral consequence of a
22 conviction of which the court need not advise a defendant who pleads guilty.  See Johnson v.
23 Dees, 581 F.2d 1166, 1167 (5th Cir. 1978) (failure to advise pleading defendant that he could
24 be denied good time credits did not invalidate the plea because it was a collateral
25 consequence); Hutchinson v. United States, 450 F.2d 930, 931 (10th Cir. 1971) (no error
26 under Federal Rules of Criminal Procedure in failure to advise that good time credit had been
27 forfeited).
28

Finally, Johnson claims that the CDCR violated his right to due process because it failed to discharge him under California Penal Code § 3001(a). This claim has two problems. It does not challenge the Contra Costa conviction, but instead challenges a separate decision by the CDCR regarding the execution of the sentence. It also is unexhausted in that it appears that Johnson pursued an administrative grievance rather than presenting the claim to the California Supreme Court to give that court a fair opportunity to rule on the merits of the claim before presenting it in a federal habeas petition. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Exhaustion of administrative remedies does not satisfy the § 2254 requirement for a habeas petition; for a habeas petition, state court remedies must be exhausted by presentation of the claim to the state's highest court. Because the claim pertains to a separate decision from the claim concerning the Contra Costa County Superior Court's action in taking Johnson's guilty plea, the claim will be dismissed from this action without prejudice to Johnson asserting it in a separate habeas action after he exhausts state court remedies as to the claim.

**CONCLUSION**

For the foregoing reasons,

1.  The petition states a cognizable claim for habeas relief for a due process violation based on the Contra Costa County Superior Court's failure to inform him of the mandatory parole term when it accepted his guilty plea. All other claims are dismissed.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3.  Respondent must file and serve upon petitioner, on or before **September 26, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously

4

transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 31, 2008**.

5.  Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Petitioner filed a motion to proceed in forma pauperis, but later withdrew it and paid the filing fee. The motion to proceed in forma pauperis therefore is DISMISSED. (Docket # 2.)

IT IS SO ORDERED.

DATED: July 31, 2008

Marilyn Hall Patel
United States District Judge

5